UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 16-20015-1
        Honorable Linda V. Parker

BRANDON D. EDMONDS,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION

Defendant Brandon D. Edmonds ("Defendant") is currently serving a term of imprisonment of 12 months in the Bureau of Prisons after violating the terms of his supervised released. Presently before the Court is Defendant's motion asking for his sentence to be served concurrently with a subsequently imposed state sentence. (ECF No. 37.) The Court also construes Defendant's motion as a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the novel coronavirus ("COVID-19"). The motion has been fully briefed. (ECF Nos. 41, 42.) The Court is denying Defendant's motion.

## Background

On March 30, 2016, Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 15.) The Court thereafter sentenced Defendant to a

term of imprisonment of 40 months, followed by two years of supervised release. In June 2019, the Court issued an order for Defendant's arrest based on allegations that he had committed nine violations of the conditions of his supervised release.

At a hearing on November 19, 2019, Defendant admitted to seven supervised release violations and the Court found him guilty of two others. (ECF No. 36.) One of the violations related to Defendant's assault of his girlfriend on August 30, 2019. Based on these violations, this Court sentenced Defendant to a 12-month term of imprisonment in the Bureau of Prisons. (*Id.*) The Judgment is silent as to whether this sentence should run concurrently or consecutively with any sentence imposed on a related state court conviction.

The State charged Defendant with domestic violence-third offense and felony malicious destruction of property in connection with the August 30, 2019 assault. (ECF No. 41-2.) Defendant pleaded guilty to both counts and, on January 31, 2020, the State court sentenced him to serve one year in jail. (*Id.*)

On May 10, 2020, the Court received a letter from Defendant in which he asks for a modification of his federal sentence so that it runs concurrently with his state sentence. (ECF No. 37.) In his pro se letter, Defendant also mentions COVID-19 and family issues. (*Id.*) The Government opposes Defendant's motion. (ECF No. 41.) The Court appointed counsel to assist Defendant and counsel filed a reply brief on June 16, 2020, in which Defendant asks the Court to

amend the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 42.) Defendant maintains that COVID-19 is a significant change in the facts warranting such relief.

## Applicable Law and Analaysis

18 U.S.C. § 3584 governs the imposition of multiple sentences of imprisonment. Subsection (a) of the statute reads:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). In *Setser v. United States*, 566 U.S. 231 (2012), the Supreme Court interpreted this statutory provision to mean that a district court has the discretion at sentencing to order that a federal sentence run consecutively or concurrently to an as-yet-unimposed state sentence, and that such discretion is not limited by the statute. *Id*. at 236.

Nevertheless, the Sixth Circuit has held that a district court lacks jurisdiction to *amend* a defendant's sentence to run concurrently with a state sentence the defendant is serving. *United States v. Zabawa*, 134 F. App'x 60, 67 (2005). The

3

Sixth Circuit considered the limited statutes and rules permitting a court to modify an imposed term of imprisonment and found none of them applicable. One of the statutes the court considered was 18 U.S.C. § 3582(c)(1)(B), which states that a court may modify an imposed term of imprisonment, but only if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"—the latter of which only provides for amendment within fourteen days after sentencing.[1] *Id*. The court acknowledged that a sentence also may be amended pursuant to Federal Rule of Criminal Procedure 36, but only to correct a clerical error (e.g., a scrivener's error) or an error arising from oversight or omission. *Id*. at 68. As the Sixth Circuit had previously explained, Rule 36 authorizes a court to amend a judgment to conform with its express sentencing intention, but not "to conform with an unexpressed sentencing intention." *United States v. Robinson*, 368 F.3d 653, 657 (6th Cir. 2004)).

Defendant appears to concede that neither Rule 35 nor Rule 36 are applicable here, as he turns to Rule 60(b)(6) of the Federal Rules of Civil Procedure in his reply brief.[2] But the Sixth Circuit has held that a defendant cannot seek relief from a criminal sentence under the Federal Rules of Civil Procedure

---

[1] The Sixth Circuit also looked to 28 U.S.C. §§ 2106 and 2255, but found both "plainly inapplicable." *Zabawa*, 134 F. App'x at 67.
[2] Undoubtedly, Defendant's motion was filed outside the fourteen-day period of Rule 35 and he is not seeking the type of correction that Rule 36 addresses.

rule. *United States v. Damon*, 59 F. App'x 619, 621 (6th Cir. 2003) (citations omitted) ("A defendant simply may not seek relief from a criminal sentence under Fed. R. Civ. P. 59(e) or 60(b)); *United States v. Napier*, No. 97-1777, 1998 WL 964244, at *2 (6th Cir. Dec. 29, 1998) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."); *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts ….") (emphasis added). Thus, the Court only has jurisdiction to amend Defendant's sentence if expressly permitted by statute.

18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds … that extraordinary and compelling reasons warrant such a reduction … and that reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The statute, however, contains a mandatory exhaustion requirement, *see United States v. Alam*, 960 F.3d 831, 832, 834 (6th Cir. June 2, 2020); and, Defendant admittedly did not exhaust his administrative remedies prior to filing his motion (*see* ECF No. 42 at Pg ID 160). Moreover, Defendant fails to satisfy his burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990)

(concluding that the burden of proving facts that could decrease a potential sentence fall upon the defendant); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

It is widely acknowledged, based on expert guidance, that there is a greater risk of COVID-19 infection for infected individuals who are 60 years of age or older or who have certain underlying medical conditions. Defendant is only 29 years old and he does not allege to have an underlying medical condition. His general reference to the pandemic and "family issues" is insufficient to demonstrate an "extraordinary and compelling reason." *See United States v. Adams*, No. 16-cr-86, 2020 WL 3026458, at *3 (D. Conn. June 4, 2020) (finding that, where the defendant "[did] not demonstrate[] that he is at greater risk of experiencing serious complications if he contracts COVID-19 than other inmates," "[t]he simple risk of coronavirus pandemic in an institutional environment is not an extraordinary or compelling reason warranting release"); *United States v. Kennedy*, No. 18-cr-154, 2020 WL 3316993, at *3 (S.D. Miss. June 18, 2020) (same). As a court in the Western District of Louisiana recently explained:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or

6

> making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. The Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person. The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner.

*United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020). The Court therefore concludes that § 3582(c)(1)(A) also does not authorize a modification of Defendant's sentence.

In short, the Court concludes that it lacks jurisdiction to grant Defendant's request to amend his sentence to run concurrently with his state sentence.

Accordingly,

**IT IS ORDERED** that Defendant's motion to modify or reduce his sentence (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED**.

                                             s/ Linda V. Parker
                                             LINDA V. PARKER
                                             U.S. DISTRICT JUDGE

Dated: July 7, 2020